**The STATE of Ohio, Appellee,**

**v.**

**BELL, Appellant.**

[Cite as *State v. Bell* (1990), 66 Ohio App.3d 52.]

Court of Appeals of Ohio,
Stark County.

No. CA–7852.

Decided Feb. 5, 1990.

*Robert D. Horowitz*, Prosecuting Attorney and *Ronald Mark Caldwell*, Assistant Prosecuting Attorney, for appellee.

*Kathleen M. Tatarsky*, for appellant.

GWIN, Judge.

On June 29, 1988, defendant-appellant, Candace Kay Bell, pled guilty to a violation of R.C. 2911.02, robbery. The trial court accepted appellant's plea and sentenced appellant to the Ohio State Reformatory for Women in Marys-

ville, Ohio, or the "appropriate institution for defendant's physical and mental condition" for an indeterminate term of three to fifteen years.

On November 30, 1988, appellant filed a motion for shock probation. The trial court granted said motion, suspended the above sentence, and placed appellant on probation for four years upon certain terms and conditions.

On January 24, 1989, appellant's probation officer filed a motion seeking to revoke appellant's probation. Said motion alleged that appellant assaulted Priscilla Weir on December 31, 1988, and that this conduct violated Condition One of appellant's probation, to wit: appellant was not to violate any federal, state, or local laws.

Prior to the scheduled revocation hearing, appellant filed a motion requesting a competency evaluation and an evaluation regarding her sanity at the time of the alleged probation violation. On March 1, 1989, the trial court, through judgment entry, granted the competency motion but overruled the sanity evaluation. Dr. Kathleen P. Stafford, Director of the Summit County Psycho–Diagnostic Clinic and a clinical psychologist, evaluated appellant's competency and opined that appellant was incompetent to stand trial.[1] Nevertheless, the trial court, by way of an April 4, 1989 judgment entry, found that the competency-to-stand-trial provisions of R.C. 2945.37 *et seq.* were inapplicable to post-conviction proceedings.

On April 26, 1989, an evidentiary hearing was held and appellant proffered the competency and sanity reports. On May 2, 1989, the trial court revoked appellant's probation.

Appellant now seeks our review and raises the following assignments of error:

### Assignment of Error No. I

"The trial court violated appellant's due process rights under the Fourteenth Amendment to the U.S. Constitution when it revoked her probation. It is fundamentally unfair to deprive a defendant accused of a probation violation of her conditional freedom or consider alternatives to prison when substantial evidence indicates that she was not sane at the time of the probation violation."

### Assignment of Error No. II

"The trial court violated appellant's due process rights under the Fourteenth Amendment to the U.S. Constitution when it forced her to participate in

---

1. Appellant was also examined by Julian Tatarsky, a psychologist, and was found to be "not sane at time of offense."

a criminal probation revocation proceeding when she was incompetent to assist in her defense and unable to understand the proceeding. It is fundamentally unfair for a court to convict an incompetent defendant of a probation violation and sentence her to prison."

## Assignment of Error No. III

"The trial court abused its discretion and erred as a matter of law in revoking appellant's probation and sentencing her to prison. The trial court failed to consider appellant's mental status as a mitigating factor and failed to consider alternatives to incarceration."

## Assignment of Error No. IV

"The trial court violated appellant's rights under the Eighth Amendment to the U.S. Constitution as applied to the states by the Fourteenth Amendment and Section 9, Article I of the Ohio Constitution. It is cruel and unusual punishment to revoke the probation and sentence to prison a defendant where there is substantial evidence she was insane at the time of the offense, incompetent to assist in her defense and understand the nature of the proceedings."

## I

In her first assignment, appellant claims that the trial court erred when it revoked appellant's probation for an assault committed by appellant while she was insane. Therefore, the issue confronting us is whether the Due Process Clause of the Fourteenth Amendment to the United States Constitution requires a court to consider the defense of insanity in a probation revocation hearing. For the reasons that follow, we believe due process does not require such consideration.

The two leading United States Supreme Court cases dealing with the due process requirements for revocation of parole and probation are *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656; *Morrissey v. Brewer* (1972), 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484. In *Morrissey*, the court recognized that "[t]he essence of parole is release from prison, before the completion of sentence, on the condition that the prisoner abide by certain rules during the balance of the sentence." *Id.* 408 U.S. at 477, 92 S.Ct. at 2598, 33 L.Ed.2d at 492.

Here, there is sufficient evidence contained in the record to support the finding that appellant violated Condition One of her probation. The question

is whether appellant under due process requirements is afforded the defense of insanity for such violation.

In both *Gagnon* and *Morrissey*, the United States Supreme Court emphasized that probation/parole revocation proceedings are not considered stages of criminal prosecution. *Gagnon, supra,* 411 U.S. at 783, 93 S.Ct. at 1760, 36 L.Ed.2d at 662, *Morrissey, supra,* 408 U.S. at 480, 92 S.Ct. at 2600, 33 L.Ed.2d at 494. Revoking an individual's probation does not deprive that individual of an absolute right of liberty, but deprives that person of a conditional right of liberty dependent upon observing special probation restrictions. *Morrissey, supra,* at 480, 92 S.Ct. at 2600, 33 L.Ed.2d 494. Therefore, the due process requirements in revocation proceedings are more limited than the requirements for criminal prosecution proceedings. *Id.*

In *Bearden v. Georgia* (1983), 461 U.S. 660, 668, 103 S.Ct. 2064, 2070, 76 L.Ed.2d 221, 230, fn. 9, the Supreme Court stated:

"We do not suggest that, in other contexts, the probationer's lack of fault in violating a term of probation would necessarily prevent a court from revoking probation. * * * "

In *Knight v. Estelle* (C.A.5, 1974), 501 F.2d 963, 964, the court stated:

"Whether the act which made the failure apparent was culpable or punishable is no concern of the revocation authority, which does not sit to punish. Its concern is whether the law has been obeyed, not whether it has been culpably broken. And, thus, it is that the same act at variance with the law may, for a variety of reasons, be the occasion of both a successful criminal defense and a parole revocation."

The Tenth District Court of Appeals relied on the above cases when it decided *State v. Qualls* (1988), 50 Ohio App.3d 56, 552 N.E.2d 957. In that case, the court of appeals found that a trial court may revoke probation even when the violation of a probation condition was beyond the control of the defendant (such as insanity) because there remains a threat to the safety and welfare of society. The *Qualls* court went on to hold that:

"[I]nsanity is not a complete defense in a probation revocation hearing but is a mitigating factor which a court should consider when the issue is timely raised." *Id.* at 60, 552 N.E.2d at 962.

It is noteworthy that the above holding does not require a trial court to consider the defense of insanity even when timely raised.

From the foregoing, we believe due process does not require a court to consider the defense of insanity in revocation proceedings. Had appellant here violated a condition that she would not leave the state of Ohio, we do not find it fundamentally unfair to revoke her probation even though appellant

claims ignorance of the state border. The privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege. It is not fundamentally unfair to require an individual who has been convicted of a crime and granted conditional probation to adhere strictly to those conditions. An insanity defense focuses on the probationer's state of mind. However, the true focus of the probation revocation proceeding is whether a condition of probation has been violated, and if so, what should be done. The welfare and safety of society outweigh the interest of the probationer who has violated a condition of probation while sane or insane.

Accordingly, the trial court properly ruled on the insanity issue and we overrule appellant's first assignment of error.

## II

■ In her second assignment, appellant claims that the trial court violated her due process rights by conducting the probation revocation proceedings when appellant was incompetent to assist in her defense. Appellant claims that due process requires that a defendant's competency be determined at any stage of a criminal proceeding, including a probation revocation hearing.

As previously stated, the probation revocation proceeding is not a stage of a criminal prosecution. Therefore, the due process rights afforded a probationer are more limited than a defendant in a criminal prosecution.

In *Qualls, supra,* 50 Ohio App.3d at 58, 552 N.E.2d at 960, the Tenth District Court of Appeals held that it is within the sound discretion of the trial court to determine whether to grant a requested competency hearing during probation revocation proceedings.[2] Here, appellant proffered the report of Dr. Stafford which concluded that appellant was presently incompetent to stand trial. The report indicates that appellant understood that she was charged with a probation violation and could be returned to the hospital or reformatory. Although Dr. Stafford opined that appellant lacked understanding of criminal prosecution concepts and was mentally ill, there was no specific opinion that appellant was incompetent to proceed in the probation revocation hearing.[3]

---

**2.** The competency portion of the *Qualls* decision was based upon the reasoning in *Morrissey* and *Gagnon.*

**3.** We are not, through this holding, condemning a mentally ill person to jail or prison. R.C. 5120.17 provides for the transfer of mentally ill prisoners to mental hospitals or other appropriate institutions.

From these facts, we believe the trial court did not abuse its discretion in denying a competency hearing in the instant case.

Accordingly, appellant's second assignment of error is hereby overruled.

## III

We overrule appellant's third assignment of error for the reasons previously stated. Furthermore, the record fails to demonstrate that the trial court did not consider alternatives to incarceration. Where the record is silent, we presume that the trial court did consider alternatives to incarceration. See *State v. Adams* (1988), 37 Ohio St.3d 295, 525 N.E.2d 1361, paragraph three of the syllabus ("a silent record raises the presumption that a trial court considered the factors contained in R.C. 2929.12").

Accordingly, appellant's third assignment of error is hereby overruled.

## IV

In her final assignment, appellant claims that it is cruel and unusual punishment to revoke her probation in this case.

We agree with reasoning espoused by the Supreme Court of Illinois in *People v. Allegri* (1985), 109 Ill.2d 309, 317, 93 Ill.Dec. 781, 784, 487 N.E.2d 606, 609:

"It is critical to note that in refusing to recognize the insanity defense in a revocation proceeding, the court is not imposing criminal punishment on the defendant for her present excusable conduct. The criminal punishment results from the past conduct which was not excused by insanity and for which defendant has been duly convicted."

Additionally, as stated above, there is evidence in the record indicating that appellant was not incompetent to assist her counsel in the probation revocation proceeding.

For the foregoing reasons, we believe the trial court did not violate appellant's rights under the Eighth Amendment to the United States Constitution and we overrule appellant's final assignment of error.

From the above, the judgment of the Court of Common Pleas, Stark County, is hereby affirmed.

*Judgment affirmed.*

MILLIGAN, P.J., and JOHN R. HOFFMAN, J., concur.