OPINION
{¶ 1} Appellant, Jane L. Mueller, appeals the October 8, 2003 decision and entry of the Willoughby Municipal Court, Lake County, granting her driving privileges subject to compliance with the recommendations of her probation officer.
 {¶ 2} In April, 2002, appellant was charged with driving under the influence ("DUI"). Appellant filed a motion to suppress evidence from this arrest which was denied on July 11, 2002. On August 1, 2002, appellant withdrew her plea of not guilty and entered a plea of no contest. On September 25, 2002, appellant was sentenced to 180 days in jail, with 165 suspended, and a $500 fine. Appellant was also placed on probation for one year conditioned upon drug and alcohol counseling.
 {¶ 3} Appellant subsequently filed a notice of appeal from the trial court's July 11, 2002 judgment entry; however, on June 24, 2003, appellant dismissed her appeal upon which the stay of execution of her sentence was vacated. On July 3, 2003, the trial court imposed the sentence set forth in its September 25, 2002 judgment entry; pursuant to this order, appellant's driver's license was suspended for one year. However, she was granted driving privileges for certain specified situations.
 {¶ 4} Sometime subsequent to July 3, 2003, appellant's driving privileges were revoked by Ronald Campbell, appellant's probation officer, for failure to satisfy the condition of her probation, viz., attend the recommended drug and alcohol counseling. On October 2, 2003, defense counsel filed a motion to reinstate driving privileges.
 {¶ 5} At the hearing, defense counsel stated that appellant had sought psychological assessments from two recommended counseling facilities, North Coast and Laurelwood. Appellant also obtained an assessment from Dr. Melvin Painter, appellant's private therapist. After reviewing the assessments, appellant decided she would rather seek treatment through Dr. Painter for the purpose of "shielding her identity."[1]
 {¶ 6} At the hearing, defense counsel submitted Dr. Painter's curriculum vitae for the court's review.[2] Defense counsel argued that Dr. Painter was capable of performing the drug and alcohol assessment. However, according to Mr. Campbell, Dr. Painter did not have the qualifications to deal with substance abuse counseling.
 {¶ 7} Mr. Campbell elaborated:
 {¶ 8} "[A]ppellant was referred out for two evaluations, Your Honor, and I have both evaluations here. One from North Coast with their recommendations. She did not agree with those recommendations and she chose to go to Laurelwood for another evaluation.
 {¶ 9} "Both evaluations indicate the need for extensive outpatient substance abuse counseling, Your Honor.
 {¶ 10} "* * *
 {¶ 11} "Now, Mr. Painter, I had no problem with her seeing him for psychotherapy, Your Honor, but for substance counseling I did have issues with that.
 {¶ 12} "If she wants to continue with Dr. Painter for individual counseling, so be it. However, she's in need of extensive substance treatment, Your Honor. And both of those sources there indicate the same, Your Honor, one from Laurelwood and one from North Coast."
 {¶ 13} In response, defense counsel underscored his belief that appellant has a right to seek the counselor of her choice and Mr. Campbell's decision violates this right.
 {¶ 14} Notwithstanding defense counsel's argument, the court determined that appellant was required to comply with Mr. Campbell in order to satisfy the conditions of her probation. The court concluded that appellant's driving privileges would be reinstated subject to compliance with Mr. Campbell's determinations. Although the lower court conditionally reinstated appellant's driver's license, appellant now challenges the "condition" on which the trial court's order rests. To this end, appellant assigns the following error for our review:
 {¶ 15} "The appellant's freedom to seek psychological counseling has been impinged upon by arbitrary demands to use court appointed counselors in lieu of appellant's counselor."
 {¶ 16} Appellant argues that the court violated her right to seek the counselor of her choice when it premised her driving privileges upon compliance with her probation officer's arbitrary determination that Dr. Painter was not qualified to assist her with substance abuse counseling. Appellant effectively alleges the court endorsed a violation of her right to privacy, i.e., her freedom to seek psychological counseling, when it conditioned her driving privileges on compliance with the recommendations of her probation officer where such compliance necessitates counseling with which she did not approve. We disagree.
 {¶ 17} At the hearing, Mr. Campbell stated that he had no problem with appellant seeking psychotherapy from Dr. Painter. Rather, Mr. Campbell simply had misgivings about Dr. Painter's ability to successfully handle appellant's extensive outpatient substance abuse counseling. It is clear that Mr. Campbell's decision was neither random nor arbitrary. To the extent that Mr. Campbell is not preventing appellant from seeking Dr. Painter's services, his determination neither interferes with nor impinges upon appellant's liberty to obtain psychological counseling. Thus, the substantive due process argument tacit in appellant's assigned error is without merit.
 {¶ 18} That said, probation is a privilege based upon compliance with conditions imposed upon the offender. State v.Setler (Sept. 25, 1998), 11th Dist. No. 97-L-214, 1998 Ohio App. LEXIS 4523, at 6. A probationer who fails to satisfy the conditions of her probation may have the privilege revoked.State v. Bell (1990), 66 Ohio App.3d 52, 57.
 {¶ 19} Although appellant may have certain expectations in mind regarding the fulfillment of the conditions of her probation, her argument misunderstands the nature of probation. Once a court orders probation, the offender is placed under thecontrol and supervision of a probation officer. See former R.C.2951.05(A).[3] So long as the conditions of probation and the demands of a probation officer do not arbitrarily violate a probationer's due process or other constitutional rights, the "control and supervision" over a probationer appears plenary. Hence, a probationer does not possess the autonomy to determine how the conditions of her probation will be satisfied. By implication, appellant is not entitled to use the counselor of her choice to satisfy the condition that she attend drug and alcohol counseling.
 {¶ 20} In sum, to maintain the privilege of probation, appellant is required to observe certain special restrictions on her freedom. One of these restrictions is drug and alcohol counseling from a party endorsed by Mr. Campbell. With this in mind, appellant has a choice: she can abide by the legitimate recommendations and/or decisions of Mr. Campbell, maintain her driving privileges, and serve the remainder of her probation accordingly or appellant can ignore Mr. Campbell, have her probation revoked, and submit to the original penalty set forth in the trial court's September 25, 2002 judgment entry. Appellant has the freedom to follow or violate the terms of probation; however, if she decides to abide by the conditions of her probation, she does not have the right to determine the manner in which those conditions shall be satisfied.
 {¶ 21} Under the circumstances, the lower court did not violate appellant's statutory or constitutional rights. Appellant's sole assignment of error is without merit and the judgment of the Willoughby Municipal Court is therefore affirmed.
O'Neill, J., Grendell, J., concur.
[1] Appellant also maintains she "reserved her right" to seek counseling from Dr. Painter and the court's order requiring her to abide by Mr. Campbell's recommendation violated her reserved right. We disagree. The court noted in three separate judgment entries that Dr. Painter would be considered for appellant's outpatient treatments. See, August 14, 2002, judgment entry; September 25, 2002 judgment entry; and October 2, 2002, nunc pro tunc judgment entry. However, the judgment entries do not demonstrate that appellant reserved the right to use Dr. Painter for the drug and alcohol assessment on which her probation was conditioned.
[2] Appellant claims that Dr. Painter's credentials are "in the Court's record." However, we find no evidence of this information in the record materials submitted on this appeal.
[3] R.C. 2951.05 was revised effective January 1, 2004; where it formerly addressed control and supervision of the offender on probation, it now strictly deals with the topic of "random drug testing." The quoted portion of the former R.C. 2951.05 has been omitted from the current version. However, pursuant to R.C.2951.011(B)(1): "* * * Chapter 2951. of the Revised Code, as it existed prior to January 1, 2004, applies to a person upon whom a court imposed a sentence for a misdemeanor offense prior to January 1, 2004, and a person upon whom a court, on or after January 1, 2004, imposed a sentence for a misdemeanor offense that was committed prior to January 1, 2004." Here, appellant was originally sentenced on September 25, 2002. Thus, appellant's probation falls within the ambit of former R.C. 2951.05.