[Cite as *State v. Thomas*, 2011-Ohio-270.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| JEFFREY DAVID THOMAS | : | Case No. 10CA79 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common Pleas,
                                                      Case No. 07CR417

JUDGMENT:                                    Affirmed; Community Control Violation
                                                      Journal Entry Vacated; Remanded

DATE OF JUDGMENT ENTRY:          January 24, 2011

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

ANDREW M. KVOCHICK                    WILLIAM C. FITHIAN, III
38 South Park Street                           111 North Main Street
Mansfield, OH  44902                          Mansfield, OH  44902

*Farmer, J.*

{¶1} On December 3, 2007, appellant, Jeffrey Thomas, was placed on community control for a period of three years.

{¶2} On April 26, 2010, appellant was charged with violating his probation, to wit: assaulting his uncle and father, resisting arrest, and damaging a police car. On May 19, 2010, a probation revocation hearing was set for May 26, 2010. On May 20, 2010, appellant filed a request for a continuance of the hearing. The hearing proceeded on May 26, 2010. During the hearing, appellant requested a continuance because of a pending Municipal Court case in which appellant had filed a motion for a competency evaluation. The trial court did not continue the hearing. By community control violation journal entry filed May 26, 2010, the trial court sentenced appellant to two twelve month prison terms, to be served consecutively.

{¶3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4} "AT THE HEARING CONCERNING THE REVOCATION OF APPELLANT'S COMMUNITY CONTROL, HE WAS DENIED DUE PROCESS OF LAW AS REQUIRED BY THE FOURTEENTH AMENDMENT TO CONSTITUTION OF THE UNITED STATES. THE ISSUE CONCERNING APPELLANT'S COMPETENCY TO ASSIST IN HIS OWN DEFENSE WAS RAISED, BUT NOT DETERMINED BY THE TRIAL COURT."

II

{¶5}  "AFTER THE ISSUE OF APPELLANT'S COMPETENCY WAS RAISED, THE COURT PROCEEDED AND COMMITTED REVERSIBLE ERROR IN THE FOLLOWING WAYS: (A) THE COURT DID NOT CONDUCT THE HEARING AND APPELLANT DID NOT KNOWINGLY WAIVE HIS RIGHT TO A HEARING; (B) APPELLANT DID NOT ADMIT THAT HE VIOLATED THE TERMS OF HIS PROBATION; AND (C) THE COURT DID NOT FIND THAT APPELLANT HAD VIOLATED THE TERMS OF HIS PROBATION."

III

{¶6}  "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY FAILING TO ADVISE APPELLANT OF HIS SIXTH AMENDMENT RIGHT TO COUNSEL WHEN: (A) COUNSEL FOR APPELLANT WAIVED APPELLANT'S RIGHT TO A HEARING WITHOUT CLEAR INSTRUCTIONS FROM APPELLANT TO WAIVE HIS RIGHT TO A HEARING."

I

{¶7}  Appellant claims the trial court erred in not conducting a competency hearing prior to addressing his violations of his community control.  We disagree.

{¶8}  Appellant argues the requirements of R.C. 2945.37 (competence to stand trial; raising of issue; procedures; municipal courts) are applicable sub judice.

{¶9}  During appellant's probation violation hearing, defense counsel requested a continuance because of a pending municipal court case:

{¶10} "MR. STIFFLER: There has been a motion to continue filed based on the municipal case. I believe Cassie Mayer filed a request to have a competency evaluation done. I didn't know if you were going to grant that or not.

{¶11} "THE COURT: Never done a competency evaluation on a probation violation.

{¶12} "MR. STIFFLER: Your Honor, this is Jerry Thompson's case. I just have a motion to continue based on the fact that she asked for a competency evaluation for a not guilty by reason of insanity, which was the same incident I believe that is the probation violation.

{¶13} "***

{¶14} "THE COURT: I have no idea why she did that. None of that has been brought to my attention that I know of." May 26, 2010 T. at 3.

{¶15} A motion for a competency evaluation was not filed with the trial court sub judice. It was filed in the municipal court case, and that's what defense counsel was relying on in requesting the continuance. The trial court did not grant the continuance request.

{¶16} The grant or denial of a continuance rests in the trial court's sound discretion. *State v. Unger* (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶17} R.C. 2945.37(B) specifically addresses "competency" in terms of competency to stand trial:

{¶18} "In a criminal action in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial.  If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section.  If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion."

{¶19} In *State v. Bell* (1990), 66 Ohio App. 3d 52, 56, this court stated, "due process does not require a court to consider the defense of insanity in revocation proceedings."

{¶20} We conclude that appellant never requested a competency evaluation in the probation violation proceedings, and it is not clear in the record whether a competency evaluation or a not guilty by reason of insanity plea was involved in the municipal court case.

{¶21} Without a request for a competency evaluation, the trial court decision's to not grant the continuance request was not an abuse of discretion.

{¶22} Assignment of Error I is denied.

II

{¶23} Appellant claims the trial court erred in failing to conduct a hearing. Specifically, appellant claims he did not knowingly waive his right to a hearing, he did not admit to the probation violations, and the trial court failed to find that he had violated his probation.  We agree in part under the authority of *State v. Baker,* 119 Ohio St.3d 200, 2008-Ohio-3330.

{¶24} Crim.R. 32.3 governs revocation of community release. Subsection (A) states the following:

{¶25} "**(A) Hearing**

{¶26} "The court shall not impose a prison term for violation of the conditions of a community control sanction or revoke probation except after a hearing at which the defendant shall be present and apprised of the grounds on which action is proposed. The defendant may be admitted to bail pending hearing."

{¶27} There are several pages of dialogue between appellant, defense counsel, and the trial court. The trial court repeatedly asked appellant if he wanted a hearing, but appellant answered non-responsively. May 26, 2010 T. at 5-6. Eventually the following exchange occurred:

{¶28} "MR. STIFFLER: ***So you either can have a hearing on those issues or you can admit to them. Do you want a hearing or do you want to make admissions?

{¶29} "THE DEFENDANT: No, I say.

{¶30} "MR. STIFFLER: You did do that?

{¶31} "THE DEFENDANT: Yeah.

{¶32} "MR. STIFFLER: All right. He will admit to the allegations, Your Honor.

{¶33} "THE COURT: He admits he assaulted his father and his uncle?

{¶34} "MR. STIFFLER: Yes.

{¶35} "THE COURT: Okay. What do you want to say by way of explanation as to why you assaulted your own father and your uncle? The police say when they came, they heard him hollering for help.

{¶36} "THE DEFENDANT: Heard him hollering for help?

{¶37} "THE COURT: Yeah. Your uncle was down in the basement, and you were beating him, and he was hollering for help.

{¶38} "THE DEFENDANT: Well, he approached me a couple of times, even before that. This has been a continuous thing between me and him.

{¶39} "THE COURT: Between you and your uncle?

{¶40} "THE DEFENDANT: Yeah. He, I don't know, I guess he likes starting altercations. And I been trying to just chill and - -

{¶41} "***

{¶42} "THE COURT: And why did you assault your dad?

{¶43} "THE DEFENDANT: Uhm, I don't know. I have no explanation for that one." May 26, 2010 T. at 6-8, 9.

{¶44} Although the trial court failed to state a finding in specific language, the trial court did state the following:

{¶45} "THE COURT: ***Whether or not there was some misunderstanding between you and the police officers, you were assaulting not police officers in this case, but your own family members, your own dad and your own uncle. So it is hardly the sort of a thing I can keep you on probation for. I believe that the sentence I reserved was 36 months, wasn't it?

{¶46} "MR. TUNNELL: Yes, sir.

{¶47} "THE COURT: Okay. You have not been to prison before. I am making it 12 months each count consecutive, 24 months prison term." May 26, 2010 at 11.

{¶48} Upon review, we find the trial court did not err as argued by appellant under this assignment of error. However, in reviewing the trial court's May 26, 2010

community control violation journal entry, we find it fails to comply with *Baker,* supra. In *Baker* at syllabus, the Supreme Court of Ohio held the following:

**{¶49}** "A judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. (Crim.R.32(C), explained.)"

**{¶50}** Under *Baker,* the journal entry sub judice does not comply with Crim.R. 32(C).

**{¶51}** Assignment of Error II is granted in part. The May 26, 2010 community control violation journal entry is vacated and the matter is remanded to the trial court for re-sentencing pursuant to *Baker.*

III

**{¶52}** Appellant claims the trial court failed to advise him of his Sixth Amendment right to counsel and to a hearing. We disagree.

**{¶53}** Crim.R. 32.3(B) states the following:

**{¶54}** "**(B) Counsel**

**{¶55}** "The defendant shall have the right to be represented by retained counsel and shall be so advised. Where a defendant convicted of a serious offense is unable to obtain counsel, counsel shall be assigned to represent the defendant, unless the defendant after being fully advised of his or her right to assigned counsel, knowingly, intelligently, and voluntarily waives the right to counsel. Where a defendant convicted of a petty offense is unable to obtain counsel, the court may assign counsel to represent the defendant."

{¶56} Appellant was afforded counsel as the transcript clearly indicates. Counsel actively participated in the hearing. The fact that said counsel was standing in for appellant's appointed counsel and represented him during the hearing did not violate his right to counsel.

{¶57} Appellant also argues the transcript indicates he did not fully appreciate his waiver of the hearing. We disagree with this interpretation of appellant's admissions. A full reading of the transcript indicates he understood his right to a hearing, and then proceeded to argue in mitigation as to being "goaded" into the fight with his uncle. May 26, 2010 T. at 7-8.

{¶58} Upon review, we find the trial court did not err as argued herein.

{¶59} Assignment of Error III is denied.

{¶60} The judgment of the Court of Common Pleas of Richland County, Ohio is hereby affirmed, but the May 26, 2010 community control violation journal entry is vacated and the matter is remanded to said court for re-sentencing pursuant to *Baker*.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

_s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ Patricia A. Delaney_____

JUDGES

SGF/sg 105

IN THE COURT OF APPEALS FOR RICHLAND COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEFFREY DAVID THOMAS | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CA79 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio is affirmed, but the May 26, 2010 community control violation journal entry is vacated and the matter is remanded to said court for re-sentencing pursuant to *State v. Baker,* 119 Ohio St.3d 200, 2008-Ohio-3330.  Costs to appellant.

_ s/ Sheila G. Farmer_____

s/ W. Scott Gwin_____

s/ Patricia A. Delaney_____

JUDGES