[Cite as *State v. Swalley*, 2016-Ohio-4729.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-A-0035** |
| TERRY R. SWALLEY, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2013 CR 00133.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Terry A. Swalley*, pro se, PID: A671-187, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Terry R. Swalley, appeals the trial court's decision revoking community control and imposing his original prison sentence for receiving stolen property. For the following reasons, we affirm.

{¶2} Swalley was indicted on two counts of receiving stolen property in violation of R.C. 2913.51, felonies of the fourth degree. He pleaded guilty to one count and the

other was dismissed. In February 2014, the trial court sentenced him to two years of community control and ordered him to pay $3,565.50 in restitution. The trial court advised Swalley that it would impose the 18-month sentence if he violates community control. One of the ten community control conditions states: "Defendant shall not possess nor consume any alcohol or drugs unless prescribed by an M.D., D.O., or dentist." Swalley did not appeal this decision.

{¶3} In June 2014, the Ashtabula County adult probation department filed a complaint alleging a community control violation against Swalley for failing to report for probation. He admitted to violating the terms of his community control, and the trial court increased his reporting requirements. In November 2014, the probation department filed a second complaint alleging Swalley violated his community control conditions for improper drug use. Following a final hearing, at which Swalley was represented by counsel, the trial court found that he improperly used drugs. Thus, it imposed the 18-month prison sentence and three years post release control.

{¶4} Swalley moved for delayed appeal, which we granted. He was appointed counsel, who filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). In her brief, counsel states that after thoroughly examining the record, she found no errors. Counsel further seeks permission to withdraw as appellate counsel since she believes this appeal is frivolous. She certifies she sent a copy of her brief to Swalley advising him that he may file a pro se brief if he chooses. Swalley has not filed a pro se brief.

{¶5} In *Anders*, the United States Supreme Court held that if appellate counsel, after a conscientious examination of the case, finds an appeal to be wholly frivolous, counsel should advise the court and request permission to withdraw. *Id.* at 744. The

2

request to withdraw must be accompanied by a brief citing anything in the record that could arguably support an appeal. *Id.* Further, counsel must furnish his client with a copy of the brief and request to withdraw and give the client an opportunity to raise any additional arguments. *Id.* Once these requirements have been met, the appellate court must review the entire record to determine whether the appeal is frivolous. *Id.* If the court finds the appeal is wholly frivolous, the court may grant counsel's motion to withdraw and proceed to decision on the merits. *Id.* If the appellate court determines the appeal is not frivolous, it must appoint new counsel for the appellant. *Id.*

**{¶6}** Appellate counsel has satisfied each of her duties under *Anders.* As the sole potential error, counsel requests this court to review "whether the trial court erred to the prejudice of Appellant by improperly revoking the Defendant's community control and imposing a prison sentence for the Defendant's violation of community control."

**{¶7}** The imposition of community control sanctions in lieu of prison is a privilege, and the defendant has a duty to comply with his community control conditions to maintain his status. *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist. 1990). A violation of the community control conditions is grounds for revoking the privilege. *Id.*

**{¶8}** "Because a revocation hearing is not a criminal trial, the State only has to introduce evidence showing that it was more probable than not that the person on probation or community control violated the terms or conditions of the same." *State v. Willis*, 5th Dist. No. 05 CA 42, 2005-Ohio-6947, at ¶9; *State v. Davis*, 11th Dist. Lake No. 97-L-133, 1998 Ohio App. LEXIS 2933, at *6-7 (June 26, 1998).

3

**{¶9}** Further, the decision to revoke a defendant's community control is within the trial court judge's discretion and will not be reversed without an abuse of discretion. *State v. Tranter*, 12th Dist. Clermont No. CA2000-05-035, 2001 Ohio App. LEXIS 1413, at *10 (Mar. 26, 2001), citing *State v. McKnight* (1983), 10 Ohio App.3d 312, 313, 462 N.E.2d 441. A trial court abuses its discretion when it fails to employ "'sound, reasonable, and legal decision-making.'" *Ivancic v. Enos*, 2012-Ohio-3639, 978 N.E.2d 927, ¶69-70 (11th Dist.), quoting *State v. Beechler*, 2d Dist. No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting Black's Law Dictionary (8 Ed.Rev.2004) 11.

**{¶10}** The state established at Swalley's final hearing that the conditions of supervision he signed in February 24, 2014 included:

**{¶11}** "7) I will not purchase, possess, use or have under my control any narcotic drug or other controlled substance or illegal drugs, * * * unless it is lawfully prescribed for me by a licensed physician. I agree to inform my supervising officer promptly of any such prescription, and I agree to submit to drug testing if required by the Ashtabula County Adult Probation Department."

**{¶12}** Swalley tested positive for illegal drugs on November 7, 2014 and again on November 10, 2014. Swalley first tested positive for illegal drugs at the Lake Area Recovery Center. A counselor administered the test and testified at the hearing that Swalley tested positive for methamphetamine and marijuana.

**{¶13}** Two Ashtabula County Adult Probation Department employees also testified at the final hearing. The chief probation officer administered Swalley's November 10, 2014 drug test and confirmed that it was positive for illegal drugs.

4

Swalley's female probation officer also saw and confirmed this second test was positive. Swalley did not present any evidence to the contrary.

{¶14} Accordingly, the trial court did not abuse its discretion in revoking Swalley's community control and imposing his original prison term since he violated the conditions of his community control by twice testing positive for illegal drugs.

{¶15} Furthermore, after a full examination of the proceedings below, we do not see any non-frivolous arguments for review, and as such, find this appeal wholly frivolous. Accordingly, Attorney French is granted leave to withdraw as counsel of record, and the trial court's decision is affirmed.

CYNTHIA WESTCOTT RICE, P.J.,

COLLEEN MARY O'TOOLE, J.,

concur.