[Cite as *State v Caldwell*, 2018-Ohio-2203.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| Plaintiff-Appellee | |
| -vs- | Case No. 2017 CA 075 |
| GARY CALDWELL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal Appeal from the Court of Common
                              Pleas, Case No.  2007 CR 413


JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       June 6, 2018


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

GARY BISHOP                           JAMES L. BLUNT, II
PROSECUTING ATTORNEY                  3954 Industrial Parkway Drive
JOSEPH C. SNYDER                      Shelby, Ohio  44875
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902


*Wise, John, P. J.*

**{¶1}** Appellant Gary Caldwell appeals his revocation of community control in the Richland County Court of Common Pleas. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

**{¶2}** On April 28, 2008, appellant appeared before the trial court and entered a plea of guilty to an amended count of abduction, R.C. 2905.02(A)(1), a felony of the third degree. He was thereupon sentenced *inter alia* to five years of community control, a condition of which was completion of the "VOA halfway house" program. According to the sentencing entry, appellant was at that time already in prison on a separate Richland County case from 2007.

**{¶3}** On June 6, 2017, following an investigation under the Prison Rape Elimination Act ("PREA"), 42 U.S.C. 15601, *et seq.*, State Probation Officer Mary Gates filed a seven-count notice of probation violations regarding appellant. This was based on alleged actions occurring while appellant was a resident at the Volunteers of America facility, which had led to his termination from the VOA program.[1]

**{¶4}** A hearing on the alleged probation violations went forward before the trial court on July 26, 2017, and was carried into a second day, August 4, 2017.

**{¶5}** After hearing the evidence, the trial court found appellant guilty of violating his community control based on counts 5 and 7 of Gates' notice (engaging in sexual contact with another resident without his consent, and failing to complete the VOA halfway house program). Via judgment entry issued on August 7, 2017, appellant was sentenced to three years in prison and three years mandatory post-release control.

---

[1]   Appellant's brief implies that the halfway house in question qualifies as a CBCF (community based correctional facility). We will herein proceed under this assumption.

{¶6}   On September 6, 2017, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:

{¶7}   "I.   THE TRIAL COURT ABUSED ITS DISCRETION BY FINDING THAT THE DEFENDANT VIOLATED HIS TERM AND CONDITIONS OF COMMUNITY CONTROL BY BEING TERMINATED FOR CAUSE FROM THE VOLUNTEERS OF AMERICA COMMUNITY BASED CORRECTIONAL FACILITY."

I.

{¶8}   In his sole Assignment of Error, appellant contends the trial court abused its discretion in finding he had violated the terms of his community control. We disagree.

{¶9}   "The privilege of probation [or community control] rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Russell,* 11th Dist. Lake No. 2008–L–142, 2009–Ohio–3147, ¶ 7, quoting *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist. 1990). Because a revocation hearing is not a criminal trial, the State only has to introduce evidence showing that it was more probable than not that the person on probation or community control violated the terms or conditions of the same. *See State v. Stockdale,* 11th Dist. Lake No. 96–L–172, 1997 WL 663688. Because a community control revocation hearing does not require that the State prove its allegations beyond a reasonable doubt, our review as to whether a defendant's revocation is supported by the evidence is conducted under a "highly deferential standard." *See State v. Slosky,* 5th Dist. Guernsey No. 12 CA 13, 2012–Ohio–5853, ¶ 24, citing *State v. Ritenour,* 5th Dist. Tuscarawas No. 2006AP010002, 2006–Ohio–4744, ¶ 36 (additional citations omitted).

**{¶10}** Generally, an appellate court reviews a trial court's decision actually revoking community control sanctions on an abuse-of-discretion standard. *See State v. Cofer*, 2nd Dist. Montgomery No. 22798, 2009-Ohio-890, ¶ 13. In other words, once a trial court finds that a defendant has violated community control conditions, it possesses discretion to revoke the defendant's community control. In that event, appellate courts should not reverse the trial court's decision unless the court abused its discretion. *See State v. Wolfson, 4th Dist.* Lawrence No. 03CA25, 2004–Ohio–2750, ¶¶ 7-8; *State v. Umphries, 4th Dist.* Pickaway No. 97CA45, 1998 WL 377768.[2]

**{¶11}** At the violation hearings conducted by the trial court in this matter, the State called Probation Officer Gates and two witnesses from the VOA facility (including the victim, R.B.), while appellant called the VOA clinical supervisor and a corrections officer from the Richland County Sheriff's Office. Appellant did not testify at the hearings.

**{¶12}** Evidence was adduced that appellant arrived at the VOA facility on or about May 12, 2017. Appellant soon met another male participant in the program, R.B., who had been there since late April 2017. Tr. at 10. Almost immediately, appellant began sexually harassing R.B. Tr. at 7. In particular, during a period of time in May 2017, appellant asked R.B. on several occasions to perform sexual acts on him, such as fellatio and "hand jobs." Tr. at 7-11. R.B. repeatedly told appellant to leave him alone, to no avail. At one point, appellant entered a shower stall and grabbed R.B.'s penis. Tr. at 21. R.B. reported some of these incidents, prompting VOA officials to conduct an investigation. Following said investigation, appellant's VOA case manager terminated appellant from

---

[2]   Thus, as the State aptly notes in its response brief, the text of appellant's assigned error conflates the applicable standards of review for this appeal.

the program. Tr. at 27. The VOA facility policy is that a substantiated PREA incident results in automatic termination. *See* Tr. at 28.

**{¶13}** Appellant's cursory argument in the case *sub judice* essentially directs us to the testimony of Luann LaRue, the VOA clinical supervisor, who recalled that appellant, when interviewed by staff members, denied any inappropriate behavior towards R.B. *See* Tr. at 44-48. Appellant also argues the State failed to prove he was terminated from the VOA program "for cause," citing our decision in *State v. Redick*, 5th Dist. Fairfield No. 08 CA 73, 2009-Ohio-3850. However, the appellant in *Redick* claimed he had been deprived of due process because of alleged hearsay evidence presented during his revocation hearing, and we did not therein explicitly set forth a "good cause" standard for CBCF or residential program termination.

**{¶14}** Upon review, we find there was sufficient evidence presented that appellant violated the terms of his community control via his actions at the VOA facility and his resulting termination from the program. Accordingly, the trial court did not abuse its discretion in its corresponding decision to revoke appellant's community control sanction.

{¶15} Appellant's sole Assignment of Error is therefore overruled.

{¶16} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0522