[Cite as *State v. Morgan*, 2021-Ohio-1867.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| RASHIDAH S. MORGAN | : | Case No. 2021 CA 00004 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:           Appeal from the Court of Common Pleas, Case No. 18CR776


JUDGMENT:           Affirmed


DATE OF JUDGMENT:           June 1, 2021


APPEARANCES:

For Plaintiff-Appellee

PAULA M. SAWYERS
20 S. Second Street
Fourth Floor
Newark, OH 43055

For Defendant-Appellant

WILLIAM T. CRAMER
470 Olde Worthington Road
Suite 200
Westerville, OH 43082

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Rashidah Morgan appeals the October 26, 2020 judgment of the Licking County Court of Common Pleas which revoked her community control sanction and imposed a previously suspended 3-year prison term. Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} The parties do not dispute the facts. On January 29, 2019, Appellant was placed on a 3-year period of community control following a plea of guilty to robbery, a felony of the third degree. She was ordered to complete the Mended Reeds Community Based Corrections program. Additionally relevant to this matter, Appellant was not to leave the state of Ohio without written permission of the Adult Court Services Department and was to obey all laws, federal, state, and local.

{¶ 3} Appellant successfully completed the Mended Reeds program and thereafter decided to relocate to Lawrence County Ohio. Her community control was transferred to Lawrence County for courtesy supervision in June of 2019.

{¶ 4} On May 21, 2020, Appellant's Licking County probation officer was notified that Appellant was being held in the Lawrence County Jail on a burglary charge. The charge was reduced to trespassing, a misdemeanor of the fourth degree, but Appellant thereafter failed to appear for a scheduled court appearance. A warrant therefore issued for her arrest. In September 2020, Appellant was arrested in New Mexico and returned to Licking County to face community control violations.

{¶ 5} On October 26, 2020, Appellant waived a hearing and admitted to violating the terms and conditions of her community control. In a sentencing memo filed prior to

the hearing, Appellant's probation officer recommended the trial court impose the previously suspended sentence noting Appellants extensive criminal history and her inability to comply with supervision. The trial court accepted that recommendation and imposed the previously suspended 3-year prison term.

{¶ 6} Appellant was granted leave to file a delayed appeal and the matter is now before this court for consideration. Appellant raises one assignment of error for our consideration:

I

{¶ 7} "THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING COMMUNITY CONTROL AND IMPOSING A PRISON TERM."

{¶ 8} In her sole assignment of error, Appellant argues the trial court abused its discretion by revoking her community control. Appellant appears to argue that because she has successfully completed a term of community control in the past and because she complied with some terms of the period of community control in this matter, the trial court erred by revoking her community control. We disagree

{¶ 9} We review the trial court's decision to revoke community control under an abuse of discretion standard. *State v. Smith*, Richland App. Nos. 94-CA-62, 94-CA-64, 1995WL557408 at 4. (Aug. 28, 1995). A trial court will not be deemed to have abused its discretion unless its decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 10} We have previously stated the privilege of community control rests upon the defendant's compliance with the terms and conditions of community control and *any*

violation of those conditions may properly be used to revoke the privilege. (Emphasis added.) *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist.1990).

{¶ 11} Here, Appellant's community control was revoked after she committed a new criminal offense, failed to appear in court, and fled the state. Upon full review of the record, we find no abuse of discretion.

{¶ 12} The sole assignment of error is overruled.

{¶ 13} The judgment of the Licking County Court of Common Pleas is affirmed.


By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.


EEW/rw