[Cite as *State v. Kowal*, 2022-Ohio-180.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2021 CA 7 |
| TRAVIS M. KOWAL | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Criminal Appeal from the Court of Common
                             Pleas, Case No.  08 CR 390


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      January 25, 2022


APPEARANCES:

For Plaintiff-Appellee                   For Defendant-Appellant

R. KYLE WITT                             SCOTT P. WOOD
PROSECUTING ATTORNEY                     CONRAD/WOOD
BRIAN T. WALTZ                           120 East Main Street
ASSISTANT PROSECUTOR                     Suite 200
239 West Main Street, Suite 101          Lancaster, Ohio  43130
Lancaster, Ohio  43130

*Wise, J.*

{¶1}  Appellant Travis M. Kowal appeals the February 11, 2021, decision of the Fairfield County Court of Common Pleas revoking his community control and imposing a ten-year prison sentence.

**STATEMENT OF THE FACTS AND CASE**

{¶2}  On November 7, 2008, Appellant Travis M. Kowal was indicted by the Fairfield County Grand Jury on one count of Rape (a felony of the first degree), two counts of Gross Sexual Imposition (felonies of the third degree), and one count of Importuning (a felony of the third degree).

{¶3}  The events that formed the basis for this charge include the sexual assaults of an 8-year-old child which occurred over a period of more than 6 months.

{¶4}  On June 30, 2009, Appellant entered a guilty plea to Count 1 - rape, Count 2 - gross sexual imposition, Count 3 - importuning, and Count 4 - gross sexual imposition.

{¶5}  The trial court sentenced Appellant to eight (8) years in prison on Counts 1 and 2, followed by community control on Counts 3 and 4, with a reserve combined prison sentence of ten (10) years.

{¶6}  Appellant did not file an appeal from his original conviction or sentence.

{¶7}  On October 10, 2016, after serving his 8-year sentence on Counts 1 and 2, Appellant was placed on community control pursuant to his sentencing entry.

{¶8}  On December 18, 2020, a motion to revoke Appellant's community control was filed with regard to Statement of Violations filed on that same date.

{¶9}  On January 5, 2021, an amended statement of violations was filed.

{¶10} On January 12, 2021, an oral hearing was held on the motion to revoke community control, during which Appellant admitted to violating the terms and conditions of his community control by having contact with his brother, who had pending criminal charges, by admitting to using illegal drugs (methamphetamine, Xanax, and marijuana), for failing to pay court costs and probation fees, and for being arrested and charged with having weapons under disability.[1]

{¶11} After accepting Appellant's admissions to the violations of his community control, the trial court, on its own motion, continued the disposition until the victim advocate had an opportunity to contact the victim of the original offenses.

{¶12} On February 11, 2021, a disposition hearing was held wherein the trial court revoked Appellant's community control and imposed a ten (10) year prison sentence.

{¶13} Appellant now appeals, assigning the following error for review:

**ASSIGNMENT OF ERROR**

{¶14} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN REVOKING APPELLANT'S COMMUNITY CONTROL AND IMPOSING A 10 YEAR PRISON SENTENCE."

**I.**

{¶15} In his sole assignment of error, Appellants argue that the trial court erred in revoking his community control and imposing a ten-year sentence in this matter. We disagree.

---

[1] The weapons under disability charge was subsequently dismissed due to the inoperability of the firearm.

**{¶16}** The right to continue on community control depends upon compliance with the conditions of community control and is a matter within the sound discretion of the trial court. *State v. Lewis*, 2d Dist. Montgomery No. 23505, 2010-Ohio-3652, ¶ 11.

**{¶17}** We review the trial court's decision to revoke community control under an abuse of discretion standard. *State v. Smith*, Richland App. Nos. 94-CA-62, 94-CA-64, 1995WL557408 at 4. (Aug. 28, 1995). A trial court will not be deemed to have abused its discretion unless its decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶18}** We have previously stated the privilege of community control rests upon the defendant's compliance with the terms and conditions of community control and *any* violation of those conditions may properly be used to revoke the privilege. (Emphasis added.) *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist.1990).

**{¶19}** Here, Appellant's community control was revoked after he violated the terms of his community control by associating with his brother, who had pending criminal charges, committing a new felony offense by using methamphetamine and other drugs, and failing to pay court costs and probation fees. Upon full review of the record, we find no abuse of discretion.

**{¶20}** Appellant's sole assignment of error is overruled.

**{¶21}** For the forgoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By: Wise, J.

Gwin, J., and

Delaney, J., concur.

JWW/kw 0120