[Cite as *State v. Green*, 2012-Ohio-4362.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Sheila G. Farmer, J. |
| -vs- | : | |
| | : | |
| WILLIAM B. GREEN | : | Case No. 12-CA-17 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 11CR00026


JUDGMENT:                         Reversed and Remanded


DATE OF JUDGMENT:                 September 24, 2012


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

KENNETH W. OSWALT                         TODD W. BARSTOW
20 South Second Street                    4185 East Main Street
4th Floor                                 Columbus, OH  43213
Newark, OH  43055

*Farmer, J.*

{¶1}   On April 5, 2011, the Licking County Grand Jury indicted appellant, William Green, on two counts of complicity to unlawful sexual conduct with a minor in violation of R.C. 2923.03 and 2907.04, both felonies of the third degree.  Said charges arose from appellant's role in facilitating sexual relations between his fifteen year old son and an adult neighbor.

{¶2}   Appellant pled guilty as charged on May 24, 2011.  By judgment entry filed same date, the trial court held appellant's pleas in abeyance and ordered him into a diversion program.  The trial court reserved a sentence of three years on each count, to be served consecutively, for a total term of six years in prison, if appellant violated the terms of the diversion program.

{¶3}   On January 9, 2012, the state filed a motion to revoke appellant's community control.  A hearing was held on February 1, 2012.  By judgment entry filed same date, the trial court revoked appellant's community control and imposed the reserved six year prison sentence.

{¶4}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶5}   "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY IMPROPERLY SENTENCING HIM TO CONSECUTIVE TERMS OF INCARCERATION IN CONTRAVENTION OF OHIO'S SENTENCING STATUTES."

II

{¶6}   "THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING APPELLANT TO PRISON TERMS."

I

{¶7}   Appellant claims the trial court erred in imposing consecutive sentences without engaging in judicial fact-finding as now required by H.B. No. 86.  We agree.

{¶8}   H.B. No. 86 amended subsection (E)(4) of R.C. 2929.14 [now subsection (C)(4)] and subsection (A) of R.C. 2929.41, effective September 30, 2011, and now state the following, respectively:

{¶9}   "(C)(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶10}  "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶11}  "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses

committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶13} "(A) Except as provided in division (B) of this section, division (E) of section 2929.14, or division (D) or (E) of section 2971.03 of the Revised Code, a prison term, jail term, or sentence of imprisonment shall be served concurrently with any other prison term, jail term, or sentence of imprisonment imposed by a court of this state, another state, or the United States.  Except as provided in division (B)(3) of this section, a jail term or sentence of imprisonment for misdemeanor shall be served concurrently with a prison term or sentence of imprisonment for felony served in a state or federal correctional institution."

{¶14} Appellant argues the trial court erred in imposing consecutive sentences as it did not make the requisite findings to do so.  On May 24, 2011, appellant pled guilty to the two charges.  By judgment entry filed same date, the trial court held appellant's pleas in abeyance and ordered him into a diversion program.  The trial court reserved a sentence of three years on each count, to be served consecutively, for a total term of six years in prison, if appellant violated the terms of the diversion program.

{¶15} Because the trial court held appellant's pleas in abeyance and ordered him into a diversion program, there was no conviction on May 24, 2011.  The trial court revoked appellant's community control and sentenced him on February 1, 2012, after the effective date of H.B. No. 86, to the reserved sentence of two three-year

consecutive prison terms.    Therefore, we find H.B. No. 86 controlled appellant's sentencing.

{¶16} Although the trial court stated it was sentencing appellant under the sentencing principles of R.C. 2929.11 and the seriousness and recidivism factors, we find this is not judicial fact-finding under the H.B. No. 86 amendments.

{¶17}  Assignment of Error I is granted for resentencing under H.B. No. 86.

II

{¶18}  Based upon our decision in Assignment of Error I, this assignment is moot.

{¶19}  The judgment of the Court of Common Pleas of Licking County, Ohio is hereby reversed.

By Farmer, J.

Gwin, P.J. and

Hoffman, J. concur.


_ s / Sheila G. Farmer_____


s / W. Scott Gwin_____


s / William B. Hoffman_____

JUDGES


SGF/sg 911

[Cite as *State v. Green*, 2012-Ohio-4362.]

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| WILLIAM B. GREEN | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 12-CA-17 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.


_s / Sheila G. Farmer_____


s / W. Scott Gwin_____


s / William B. Hoffman_____

JUDGES