[Cite as *State v. Eisele*, 2014-Ohio-662.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2013CA00037 |
| | : | |
| DENNIS WAYNE EISELE | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Court of
                                  Common Pleas 2012CR0438

JUDGMENT:                         AFFIRMED IN PART, REVERSED IN
                                   PART, AND REMANDED

DATE OF JUDGMENT ENTRY:           February 18, 2014

APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

JOHN D. FERRERO, JR.                       KRISTINE W. BEARD
STARK CO. PROSECUTOR                       4450 Belden Village St. NW
RONALD MARK CALDWELL                       Suite 703
110 Central Plaza South, Ste. 510          Canton, OH 44718
Canton, OH 44702-1413

*Delaney, J.*

{¶1} Appellant Dennis Wayne Eisele appeals from the October 24, 2012 judgment entries of the Stark County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal. Appellant was charged by indictment with one count each of inducing panic [R.C. 2917.31(A)(1)(C)(6), a felony of the fourth degree], menacing by stalking [R.C. 2903.211(A)(1)(B)(2)(b), a felony of the fourth degree], and telecommunications harassment [R.C. 2917.21(A)(2), a felony of the fifth degree]. He ultimately entered pleas of guilty to the charges, although the count of inducing panic was amended to a misdemeanor of the first degree [R.C. 2917.31(A)(1)].

{¶3} Upon completion of a pre-sentence investigation, on July 23, 2012, the trial court sentenced appellant to a three-year term of community control. The terms and conditions of appellant's community control relevant to this appeal include the following:

> 1. [Appellant] shall obey all federal, state, and local laws and ordinances * * * including all orders, rules and regulations of Stark County Common Pleas Court or the Department of Rehabilitation and Correction. The conduct of [appellant] shall at all times be as a responsible law abiding citizen. * * * *.
>
> * * * *.
>
> 16. [Appellant] shall follow the following Special Conditions:

b. That [appellant] shall comply with the Intensive Supervision Probation Program as directed by his probation officer. * * * *.

f. That [appellant] shall have no contact directly or indirectly with Robyn Music [appellant's former roommate] or Julie McLaughlin [the victim of the criminal offenses].

* * * *.

i. That [appellant] shall not have a pager, scanner, or cell phone.

j. That [appellant] shall not have access to any spoofing devices.

* * * *.

l. That [appellant] shall abstain from drugs and alcohol and shall not frequent establishments where alcohol is served as a primary source of business.

* * * *.

{¶4} On August 3, 2012, appellant filed a "Motion to Reconsider Sentence" in which he asked the trial court to modify its order prohibiting him from having a cell phone. Appellant's motion states he requires a cell phone to enable him to contact emergency services because he is blind, and further states in pertinent part:

* * * *. [Appellant] understands the nature of the charges he was sentenced for and agrees that some restrictions are reasonably related to the charges. For example, [appellant] does not contest the prohibition against spoofing devices. Also, [appellant] would not object to being limited to the number of cell phones and that he

be required to keep his probation officer informed of any telecommunication device that he uses. * * * *.

{¶5} Appellant's motion was not ruled upon. On August 7, 2012, appellant's probation officer filed a Motion to Revoke Probation of Modify Former Order alleging appellant violated Condition 1, supra, by possessing both a Utah state identification card and an Ohio state identification card and having "made questionable statements, of a criminal nature, which raised concerns in regards to his supervision in the community and his current housing." The motion further alleged a violation of Rule 16b, supra: "[appellant] made statements to Probation Officers that he knew ways around our rules of probation," and Rule 16i, supra: he possessed a cell phone.

{¶6} The trial court held a revocation proceeding on October 17, 2012. Appellee's first witness was a Stark County Sheriff's deputy who transported appellant between court and the county jail. She testified she was transporting appellant on October 10, 2012 when she overheard him say his roommate had "rolled" on him and he was going to "get" her. The deputy knew appellant was the speaker because another prisoner commented, "How are you going to do that? You're blind." Appellant stated again "She doesn't want me to come to Medina County because I'm going to get her."

{¶7} Appellant's probation officer, Shelley Wolf, testified she met with appellant on July 26, 2012 and read the rules of probation to him, which he acknowledged in writing. Appellant was released to live with a "friend of a friend" in Alliance. Between

August 3 and August 6, however, Wolf received numerous calls from the roommate[1] asking that appellant be removed. The caller told Wolf appellant offered to buy alcohol for the roommate's 12-year-old son.

{¶8} On August 7, Wolf went to the house to talk to appellant. Wolf found a cell phone and charger in the bedroom used by appellant, next to the air mattress he slept on. Appellant said the phone didn't belong to him but admitted someone gave it to him to use until the judge allowed him to get his own. Wolf asked appellant about the statement regarding buying alcohol for a 12-year-old, and appellant said it was "misconstrued." Appellant told Wolf he was smart enough to get around the rules of probation and showed her state I.D. cards from both Utah and Ohio.

{¶9} On cross examination Wolf was asked why appellant was permitted to have access to a land line but not a cell phone. She responded that the matter was up to the court's discretion but she believed it was more difficult to use "spoofing" devices on a land line. Wolf knew appellant wanted a cell phone but told him he couldn't have one unless the trial court modified the rules of probation. Appellant told Wolf he needed to keep the cell phone to maintain his employment as a part-time phone sex operator.

{¶10} Appellant testified on his own behalf at the revocation hearing. He said he meant he would "get" his former roommate in a legal sense: he wanted her prosecuted for the same crimes he was charged with. He was not aware he wasn't allowed to have two state I.D.s in his possession. He admitted he borrowed a cell phone because the house he was staying at had no land line and he needs a phone for medical reasons

---

[1] This roommate was referred to as "Kelly" at the hearing and is apparently a different roommate than the object of appellant's threats to "get" his former roommate, Robyn Music.

and to contact someone regarding employment.  Finally, appellant claimed he merely asked Kelly's opinion about someone buying alcohol for her 12-year-old; he was not actually offering to do so.

{¶11} On cross-examination, appellant acknowledged he recalled Wolf reviewing the rules of probation with him; she told him he could not have a cell phone until the judge ruled on his motion.

{¶12} At the conclusion of the hearing, the trial court revoked appellant's community control and sentenced him to a term of 18 months on the count of menacing by stalking, 12 months on the count of telecommunications harassment, and 6 months on the count of inducing panic, to be served concurrently for a total of 18 months.

{¶13} Appellant now appeals from the October 24, 2012 judgment entries of sentencing and Community Control Sanctions Revoked and Sentence Imposed of the Stark County Court of Common Pleas.

{¶14} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶15} "I. THE TRIAL COURT'S FINDING THAT THE APPELLANT VIOLATED THE CONDITIONS OF COMMUNITY CONTROL AND THE REVOCATION OF COMMUNITY CONTROL ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND AN ABUSE OF DISCRETION BY THE TRIAL COURT."

{¶16} "II.  THE TRIAL COURT FAILED TO CONSIDER THE STATUTORY FACTORS CONTAINED IN R.C. 2929.12 AT SENTENCING AND THEREFOR (*sic*) THE SENTENCE IMPOSED IS CONTRARY TO LAW."

**ANALYSIS**

I.

{¶17} In his first assignment of error, appellant argues the trial court's finding that appellant violated the terms of community control is against the manifest weight of the evidence and its revocation of community control is an abuse of discretion. We disagree.

{¶18} Community control is comparable to probation, and those who are placed on community control are monitored by the county probation department. R.C. 2951.021(A), Crim.R. 32.3(A). We therefore apply the standards for revocation of probation.

{¶19} Although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding. *State v. Ryan*, 3rd Dist. Union No. 14-06-55, 2007-Ohio-4743, citing *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Therefore, the minimum due process requirements afforded a defendant in a probation revocation proceeding differ from those in a criminal trial. The minimum due process requirements for revocation hearings are as follows:

> (a) Written notice of the claimed violations of [probation or] parole;
>
> (b) disclosure to the [probationer or] parolee of evidence against
> him; (c) opportunity to be heard in person and to present witnesses
> and documentary evidence; (d) the right to confront and cross-
> examine adverse witnesses (unless the hearing officer specifically
> finds good cause for not allowing confrontation); (e) a 'neutral and
> detached' hearing body such as a traditional parole board,

members of which need not be judicial officers or lawyers; and (f) a

written statement by the fact finders as to the evidence relied on

and reasons for revoking [probation or] parole.

*State v. Miller*, 42 Ohio St.2d 102, 104, 326 N.E.2d 259 (1975),

quoting *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 33

L.Ed.2d 484 (1972).

{¶20} Appellant does not contend he was denied any of the above. Instead, he argues he had legitimate reasons to possess the cell phone and the trial court should reasonably have extended his community control.

{¶21} A community control or probation revocation is not a criminal trial; therefore, appellee is not required to establish a violation of the terms of community control "beyond a reasonable doubt." *Ryan,* supra, 2007–Ohio–4743, ¶ 7, citing *State v. Hylton*, 75 Ohio App.3d 778, 600 N.E.2d 821 (4th Dist.1991). Instead, appellee must show "substantial" proof appellant violated the terms of his community control sanctions. Id. Substantial evidence is akin to a preponderance-of-the-evidence burden of proof. *State v. Ohly,* 166 Ohio App.3d 808, 2006–Ohio–2353, 853 N.E.2d 675, at ¶ 18, citing *State v. Hayes*, 6th Dist. No. WD–00–075,unreported, 2001 WL 909291 (Aug. 10, 2001). "Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance." Id., citations omitted.

{¶22} A trial court's finding of a violation of community control will not be disturbed on appeal absent an abuse of discretion. *State v. Burdette,* 5th Dist. Morrow No. 10-CA-9, 2011-Ohio-4425, *4. An abuse of discretion implies more than an error of law or judgment; instead, it connotes that the trial court's attitude is unreasonable,

arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, an appellate court may not simply substitute its judgment for that of the trial court. Id. Moreover, in terms of credibility determinations, the weight of the evidence and the credibility of the witnesses are determined by the trier of fact. *State v. Yarbrough*, 95 Ohio St.3d 227, 231, 2002-Ohio-2126, 767 N.E.2d 216, ¶ 79.

{¶23} We find appellee demonstrated substantial proof appellant was aware of the prohibition against having a cell phone in his possession but admittedly did possess a cell phone in violation of the terms of community control. Regardless of any innocuous reason appellant wants a cell phone, the community control condition against having one is directly related to the terms of the offenses for which he was convicted. See, *State v. Lacey,* 5th Dist. Richland No. 2005-CA-119, 2006-Ohio-4290, ¶ 48, citing *State v. Talty,* 103 Ohio St.3d 177, 814 N.E.2d 1201, 2004-Ohio-4888. He willfully and admittedly violated this condition.

{¶24} Moreover, appellant's threats against his former roommate, statements about buying alcohol for minors, and statements about evading the rules of probation may, taken individually, seem minor, but viewed as a whole they reflect upon appellant's credibility and his willingness to comply with the terms of community control. We note "the privilege of probation rests upon the probationer's compliance with the probation conditions and any violation of those conditions may properly be used to revoke the privilege." *State v. Bell*, 66 Ohio App.3d 52, 57, 583 N.E.2d 414 (5th Dist.1990).

{¶25} The trial court's finding that appellant committed multiple violations of his community control terms and conditions is supported by substantial evidence, and the

revocation of community control does not constitute an abuse of the court's discretion. Appellant's first assignment of error is overruled.

## II.

{¶26} In his second assignment of error, appellant argues his sentence is contrary to law because the trial court failed to consider the requisite statutory factors. We agree and remand this matter to the trial court for resentencing.

{¶27} In *State v. Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, the Ohio Supreme Court set forth a two-step process for examining felony sentences. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. If this first step "is satisfied," the second step requires the trial court's decision be "reviewed under an abuse-of-discretion standard." *Id.*

{¶28} Appellant states the trial court made no findings pursuant to R.C. 2929.11 regarding the overriding principles of felony sentencing and R.C. 2929.12 regarding the seriousness of the offender's conduct.  Following a community control violation, the trial court conducts a second sentencing hearing. At this second hearing, the court sentences the offender anew and must comply with the relevant sentencing statutes. *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, ¶ 17, citing *State v. Martin*, 8th Dist. Cuyahoga No. 82140, 2003-Ohio-3381, at ¶ 35.  We have reviewed the record of the revocation hearing and find the trial court did not make any reference to its consideration of the factors in R.C. 2929.11 and R.C. 2929.12.

{¶29} We find there was not adequate judicial fact-finding pursuant to the H.B. 86 amendments.  See, *State v. Green*, 5th Dist. Licking No. 12-CA-17, 2012-Ohio-4362.

{¶30} Appellant's second assignment of error is sustained and this matter is remanded to the trial court for the limited purpose of resentencing.

## CONCLUSION

{¶31} Appellant's first assignment of error is overruled and his second assigned of error is sustained.  The judgment of the Stark County Court of Common Pleas is therefore affirmed in part, reversed in part, and remanded.

By:  Delaney, J. and

Hoffman, J. concurs;

Gwin, P.J., concurs, in part and dissents, in part

*Gwin, J., dissents,*

**{¶32}** I respectfully dissent from that portion of the majorities opinion that finds the trial court was required to reference R.C. 2929.11 and R.C. 2929.12 when sentencing appellant for violating his community control sanctions.

**{¶33}** Appellant was original sentenced to community control sanctions pursuant to R.C. 2929.13(B)(1)(a) for having plead guilty to fourth and fifth degree felonies. Appellant was then found guilty of violating the previously imposed community control sanctions. R.C. 2929.13(B)(1)(d) provides,

> (d) A sentencing court may impose an additional penalty under division (B) of section 2929.15 of the Revised Code upon an offender sentenced to a community control sanction under division (B)(1)(a) of this section if the offender violates the conditions of the community control sanction, violates a law, or leaves the state without the permission of the court or the offender's probation officer.

R.C. 2929.15(B) gives the trial court discretion to determine the most appropriate way to deal with each individual who violates community control sanctions:

> (B)(1) If the conditions of a community control sanction are violated or if the offender violates a law or leaves the state without the permission of the court or the offender's probation officer, the sentencing court may impose upon the violator one or more of the following penalties:

> (a) A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

(b) A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code;

(c) A prison term on the offender pursuant to section 2929.14 of the Revised Code.

(2) The prison term, if any, imposed upon a violator pursuant to this division shall be within the range of prison terms available for the offense for which the sanction that was violated was imposed and shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code. The court may reduce the longer period of time that the offender is required to spend under the longer sanction, the more restrictive sanction, or a prison term imposed pursuant to this division by the time the offender successfully spent under the sanction that was initially imposed.

{¶34} R.C. 2929.14(A)(4) provides for a prison term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months for a felony of the fourth degree. R.C. 292914(A)(5) provides for a prison term of six, seven, eight, nine, ten, eleven, or twelve months for a felon of the fifth degree.

{¶35} R.C. 2929.15 does not require the trial court that sentences an offender for violating the terms of previously imposed community control sanctions to make findings pursuant to R.C. 2929.11 and R.C. 2929.12. This makes sense because the trial court previously considered those factors when initially sentencing the offender to community control sanctions. In the case at bar, appellant was informed that a violation

of the community control sanctions could "lead to either a more restrictive sanction, a longer sanction, or a prison term of eighteen months." Judgment Entry Sentenced – (Community Control Sanction) filed July 23, 2012 at 5-6.

{¶36} Indeed,  even if the trial court is required to consider the R.C. 2929.11 and R.C. 2929.12 sentencing factors, R.C. 2929.12(D) mandates that a court consider whether,

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing, under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or under post-release control pursuant to section 2967.28 or any other provision of the Revised Code for an earlier offense or had been unfavorably terminated from post-release control for a prior offense pursuant to division (B) of section 2967.16 or section 2929.141 of the Revised Code.

{¶37} In the case at bar, the trial judge who conducted the original sentencing hearing heard the evidence that appellant had violated the terms of his community control sanctions. That judge considered the testimony, including appellant's, in determining the most appropriate manner to address the violation. When it is clear from the record that the trial court engaged in the appropriate analysis, little can be gained by sending the case back for the trial court to, in essence, recite the "magic" or "talismanic" words.

{¶38} The transcript and sentencing entries reveal that the trial court reviewed appellant's presentence investigation report during the original sentencing hearing.

Further, the trial court heard the evidence presented during appellant's revocation hearing. Upon review of the sentencing entries and the pertinent transcripts, I would find, even if the trial court is required to consider R.C. 2929.11 and R.C. 2929.12, the trial court properly considered the purposes and principles of felony sentencing, the factors of seriousness and recidivism and the R.C. 2929.14(C) factors when it sentenced appellant for violating the court's previously imposed community control sanctions.

{¶39} I would affirm the judgment of the Stark County Court of Common Pleas.