[Cite as *State v. Holt*, 2014-Ohio-2204.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                          :

    Plaintiff-Appellee                 :          C.A. CASE NO.    26031

v.                                     :          T.C. NO.    09CR931

JUSTIN L. HOLT                         :          (Criminal appeal from
                                        Common Pleas Court)

    Defendant-Appellant                :

                                       :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ____23rd____ day of _____May_____, 2014.

. . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

KAY M. LOCKE, Atty. Reg. No. 0014049, Assistant Public Defender, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

    **{¶ 1}**    Defendant-appellant Justin L. Holt appeals his conviction and sentence for

one count of possession of crack cocaine, in violation of R.C. 2925.11(A), a felony of the fifth degree. Holt filed a timely notice of appeal with this Court on December 20, 2013.

{¶ 2} On April 9, 2009, Holt was indicted for one count of possession of crack cocaine. At his arraignment on October 1, 2009, Holt stood mute, and the trial court entered a plea of not guilty on his behalf. On October 9, 2009, Holt filed a motion for intervention in lieu of conviction (ILC). The trial court subsequently granted Holt's ILC motion on November 20, 2009.

{¶ 3} On February 19, 2010, the trial court issued a warrant for Holt's arrest for failing to appear in drug court on February 18, 2010. After the probation department reported that the whereabouts of Holt had been unknown since February 11, 2010, the trial court declared him an absconder and set bond at $10,000.00. Holt was arrested on June 1, 2010. On June 7, 2010, the trial court ordered Holt to enter and complete the drug intervention program at S.T.O.P., an alternative residential facility.

{¶ 4} On September 3, 2010, the trial court issued a second warrant for Holt's arrest for failing to appear in drug court on September 2, 2010. The probation department reported that Holt's whereabouts had been unknown since August 17, 2010. The trial court therefore declared Holt an absconder and set his bond at $25,000.00. After he was arrested on July 4, 2011, Holt was ordered to complete a drug intervention at the MonDay Program.

{¶ 5} On February 10, 2012, the trial court issued yet another warrant for Holt's arrest for failing to appear in drug court on February 9, 2012. After being informed that Holt's whereabouts had been unknown since February 2, 2012, the trial court declared him an absconder and set bond at $25,000.00. Holt was subsequently arrested on November 14,

2013.

{¶ 6} On November 20, 2013, the probation department filed a notice of ILC revocation hearing and order. The notice alleged that Holt had failed to report to the probation department and failed to attend drug court which resulted in him being declared an absconder on three separate occasions. Holt appeared in court on November 21, 2013, and admitted that he had violated the terms of ILC. The trial court ordered Holt's original guilty plea form to be filed with the clerk of court resulting in his conviction for possession of crack cocaine. The trial court also sentenced Holt to a prison term of eleven months.

{¶ 7} It is from this judgment that Holt now appeals.

{¶ 8} Holt's sole assignment of error is as follows:

{¶ 9} "THE TRIAL COURT ERRED TO THE DETRIMENT OF APPELLANT BY SENTENCING APPELLANT TO A TERM OF INCARCERATION IN VIOLATION OF R.C. 2951.041(F) AND R.C. 2929.13(B)(1)."

{¶ 10} In his sole assignment, Holt contends that the trial court erred when it sentenced him to a prison term in violation of R.C. 2951.041(F) and R.C. 2929.13(B)(1). Specifically, Holt argues that the trial court did not have statutory authority to sentence him to a prison term for violating ILC. Rather, Holt asserts that the trial court was required to place him on community control pursuant to the requirements and conditions set forth in R.C. 2929.13(B)(1)(a) and (b).

{¶ 11} ILC is a statutory creation that allows a trial court to stay a criminal proceeding and order an offender to a period of rehabilitation if the court has reason to believe that drug or alcohol usage was a factor leading to the offense. R.C. 2951.041(A)(1);

See *State v. Lingg*, 2d Dist. Greene No. 2011 CA 8, 2011-Ohio-4543. ILC is not designed as punishment, but rather as an opportunity for first-time offenders to receive help for their dependence without the ramifications of a felony conviction. *State v. Massien*, 125 Ohio St.3d 204, 2010-Ohio-1864, 926 N.E.2d 1282, ¶9-10. If, after a hearing, the trial court determines that an offender is eligible for ILC, then it shall accept the offender's guilty plea, place the offender under the general control and supervision of the appropriate probation or other qualified agency, and establish an intervention plan for the offender. R.C. 2951.041(C) and (D). The intervention plan shall last at least one year, during which the offender is ordered to abstain from alcohol and illegal drug use, to participate in treatment and recovery-support services, and to submit to regular random testing for drug and alcohol use. R.C. 2951.041(D). If the offender successfully completes the intervention plan, the trial court shall dismiss proceedings against the offender without an adjudication of guilt and may order the sealing of records related to the offense. R.C. 2951.041(E).

{¶ 12} Pursuant to R.C. 2951.041(F), if the offender fails to comply with any term or condition imposed as part of the intervention plan, the court shall enter a finding of guilt and impose the appropriate sanction under R.C. 2929.13. R.C. 2929.13(B)(1)(a) states in pertinent part that if an offender "pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court *shall* sentence the offender to a community control sanction of at least one year's duration" if certain conditions are met. The conditions are listed in subsections (i) through (iv) of R.C. 2929.13(B)(1)(a) as follows:

(i) The offender previously has not been convicted of or pleaded

guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶ 13} It is undisputed that Holt has not been previously convicted of or pleaded guilty to a felony offense. The felony of the fifth degree for which he received ILC and later plead guilty to was his first and only felony offense. The record establishes that the trial court has made no request to the department of correction and rehabilitation pursuant to R.C. 2929.13(B)(1)(c). We also note that Holt has never been convicted of or pleaded guilty to a misdemeanor offense of violence.

{¶ 14} R.C. 2929.13(B)(1)(b) further states as follows:

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any

of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

{¶ 15} Upon review, we find that Holt was not charged with an assault offense, nor did he cause physical harm to a person in the commission of his offense. Holt also did not violate any conditions of bond set by the trial court as argued by the State. In support of its argument in this regard, the State relies upon a recent case from the Fifth Appellate District, *State v. Kelley*, 5th Dist. Delaware No. 13 CAA04 0028, 2014-Ohio-464. In *Kelley*, the appellant, similar to Holt, argued that the trial court erred when it sentenced him to a prison term instead of imposing a community control sanction after the court revoked his ILC supervision. Unlike the case at bar, however, the trial court specifically found that not only did the appellant violate the conditions of his bond while on ILC, he also committed the offenses as part of organized criminal activity in violation of R.C. 2929.13(B)(1)(b)(ix).

Thus, the State's reliance on *Kelley* is misplaced. The trial court only found that Holt violated the terms of his supervision, not the conditions of his bond. We note that the initial pre-plea electronic home detention plan was stayed and later cash bonds that were imposed were never posted. Moreover, there is no allegation that Holt committed the instant offense as part of any organized criminal activity.

{¶ 16} The record also establishes that the trial court made no request of the department of rehabilitation and correction. Holt's offense is not a sex offense, and he was not found to have threatened anyone with a deadly weapon. Holt did not attempt to harm anyone nor did he threaten to harm anyone during the commission of his offense. Holt has never been convicted of any offense that caused physical harm to anyone. Holt did not hold public office or a position of trust. Holt did not commit his offense for hire or as part of an organized criminal enterprise. Holt has never previously been sent to prison. Finally, Holt was not on community control or probation when he committed the instant offense, nor had he been released from custody on a cash bond or conditional own recognizance.[1] The result in this case, albeit required by the facts and law, should not defeat, in a more general sense, the purposes of ILC or Montgomery County's laudable efforts to exhaust numerous options and sanctions before resorting to the Department of Rehabilitation and Corrections. If a defendant is placed on ILC while in drug court or other programming, it would be wise to create a separate conditional own recognizance bond order during ILC supervision which requires successful completion of ILC.

---

[1] The record does reflect an initial O.R. bond and EHDP. However, clearly Holt was not on EHDP while ILC was pending. The initial O.R. bond was stayed and absconder warrants setting cash bonds were never posted.

{¶ 17} The only reason provided by the trial court for imposing a term of incarceration was that Holt had "violated a rule of his supervision." This reason, standing alone, is, pursuant to R.C. 2929.13(B)(1), insufficient to support the trial court's decision to sentence Holt to a term of incarceration. The circumstances surrounding Holt's offense of possession of crack cocaine, a felony of the fifth degree, meet all of the requirements listed in R.C. 2929.13(B)(1)(a). Moreover, none of the exceptions enumerated in R.C. 2929.13(B)(1)(b) are applicable to the facts of the instant case. Accordingly, the trial court had no discretion to sentence Holt to a term of incarceration.

{¶ 18} Holt's sole assignment of error is sustained.

{¶ 19} Holt's sole assignment of error having been sustained, his sentence is reversed and vacated, and the matter is remanded to the trial court for further proceedings.

. . . . . . . . . .

FROELICH, P.J. and WELBAUM, J., concur.

Copies mailed to:

Michele D. Phipps
Kay M. Locke
Hon. Mary L. Wiseman
Hon. Timothy N. O'Connell