[Cite as *State v. Reed*, **2017-Ohio-8237**.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. John W. Wise, J. |
| -vs- | Case No. 17CA20 |
| DYLAN REED | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Richland County Common
Pleas Court, Case No. 2016-CR-154

JUDGMENT:                                  Reversed and Remanded

DATE OF JUDGMENT ENTRY:          October 18, 2017

APPEARANCES:

For Plaintiff-Appellee                        For Defendant-Appellant

GARY BISHOP                              JAMES L. BLUNT, II.
Prosecuting Attorney                      3954 Industrial Parkway Drive
Richland County, Ohio                      Shelby, Ohio 44875

By: JOSEPH C. SNYDER
Assistant Prosecuting Attorney
38 South Park Street
Mansfield, Ohio 44902

*Hoffman, J.*

{¶1}   Defendant-appellant Dylan Reed appeals the judgment entered by the Richland County Common Pleas Court sentencing him to twelve months incarceration for aggravated possession of drugs (R.C. 2925.11(A)) upon a plea of no contest.  Appellee is the state of Ohio.

### STATEMENT OF THE CASE AND FACTS

{¶2}   On March 14, 2016, Appellant was indicted by the Richland County Grand Jury on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree.  He was arrested on June 3, 2016, and released on a bail appearance bond that same day.

{¶3}   Appellant entered a plea of no contest to the charge on October 12, 2016. He was placed in the pre-conviction Substance Abuse Treatment Court program.  His probation officer later discovered while in the program, Appellant used his cell phone to send pictures of drugs and of weapons, signing his messages "The Drug Dealer."  He provided information to others in the diversion program to use LSD, as the drug screens would not reveal its presence.

{¶4}   As a result of Appellant's activities, he was terminated from the Substance Abuse Treatment Court program and found guilty upon his plea of no contest.  The case proceeded to sentencing on February 22, 2017.  At the sentencing hearing, Appellant's probation officer presented information to the court about Appellant's drug activities during the court treatment program.  The court sentenced Appellant to twelve months incarceration.

{¶5} Appellant prosecutes this appeal from the February 23, 2017 sentencing entry of the trial court, assigning as error:

{¶6} "WHETHER THE TRIAL COURT ERRED IN IMPOSING A PRISON SENTENCE FOR A FELONY OF THE FIFTH DEGREE OF TWELVE MONTHS."

{¶7} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, 2015 WL 5722820, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law.

{¶8} R.C. 2929.13(B)(1)(a) requires a trial court to sentence an offender to community control for a fourth or fifth degree felony if certain criteria are met:

(B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

{¶9} R.C. 2929.13(B)(1)(b) sets forth exceptions to the requirement an offender for a fifth degree felony, who meets the criteria set forth in subsection (a), be sentenced to community control:

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and,

if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court.

(iv) The court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, and the department, within the forty-five-day period specified in that division, did not provide the court with the name of, contact information for, and program details of any community control sanction of at least one year's duration that is available for persons sentenced by the court.

(v) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vii) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(viii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(ix) The offender committed the offense for hire or as part of an organized criminal activity.

(x) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

(xi) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.

**{¶10}** Appellant argues he was required to be sentenced to community control under R.C. 2929.13(B)(1)(a).[1] The State argues a prison sentence was appropriate in the instant case pursuant to R.C. 2929.13(B)(1)(b)(iii), because Appellant violated a condition of his bond in conducting drug activity while in the court's diversion program. Appellant argues he violated a condition of his diversion program, but not of his bond, and pursuant to R.C. 2929.13(B)(1)(a), the court was required to sentence him to community control.

**{¶11}** In *State v. Kelley,* 5th Dist. Delaware No. 13 CAA 04 0028, 2014-Ohio-464, the defendant violated the terms of his treatment in lieu of conviction (ILC) program. The trial court sentenced him to prison pursuant to R.C. 2929.13(B)(1)(b). We affirmed based on the trial court's specific findings the defendant was in violation of conditions of his bond and committed the offenses as part of organized criminal activity. *Id.* at ¶41.

**{¶12}** Subsequently, several districts have distinguished *Kelley* in concluding violation of an ILC program does not constitute grounds for a prison sentence under R.C.

---

[1] Appellant's representation he met the criteria of R.C. 2929.13(B)(1)(a) for a community control sanction has not been rebutted by the State in its brief. Further, the PSI report demonstrates Appellant meets the criteria set forth in R.C. 2929.13(B)(1)(a)(i) and (iv).

2929.13(B)(1)(b).  In *State v. Holt,* 2nd Dist. Montgomery No. 26031, 2014-Ohio-2204, the Second District found *Kelley* did not apply where the trial court found the appellant had violated the terms of his supervision, not the terms of his bond.  Violation of terms of supervision was insufficient, standing alone, to support a prison sanction pursuant to R.C. 2929.13(B)(1).  *Id.* at p. 4.  Likewise, the Eighth District found a prison sentence contrary to law where the sentence was imposed for violation of an ILC program:

> The instant matter is indistinguishable from *Holt.* Lopez's violation of his ILC program, standing alone, is insufficient under R.C. 2929.13(B)(1) to support the trial court's decision to sentence him to a term of incarceration. Although the trial court found that Lopez violated the conditions of his ILC program, the court, like *Holt*, did not specifically find that Lopez violated the conditions of his bond. *Holt* at ¶ 15. The circumstances surrounding Lopez's offense of possession of cocaine, a felony of the fifth degree, meet all of the requirements listed in R.C. 2929.13(B)(1)(a). Furthermore, and unlike *Kelley*, where the trial court specifically found that the defendant: (1) violated the conditions of his bond while on ILC, and (2) committed the offenses as part of organized criminal activity, none of the exceptions enumerated in R.C. 2929.13(B)(1)(b) are applicable to the facts of the instant case. *Kelley* at ¶ 41. Thus, the trial court—without making any of the R.C. 2929.13(B)(1)(b)(i)-(xi) findings—had no discretion to sentence Lopez to a term of incarceration.

*State v. Lopez*, 8th Dist. Cuyahoga No. 103032, 2015-Ohio-5269, 43 N.E.3d 492,

¶ 55.

{¶13} The instant case is indistinguishable from *Holt* and *Lopez*. Unlike *Kelley*, *supra*, the trial court did not make a finding Appellant violated his bond. The record does not demonstrate Appellant violated his bond, but only violated the terms of his diversion program.

{¶14} The bond posted in the instant case is an appearance bond. While Appellant was to report to pretrial supervision as a special condition of the bond, the record does not reflect his activities in the drug diversion program violated any specific requirements of his bond, nor did the court so find. The bond only requires Appellant report to the pretrial supervision office upon release from jail. The bond was entered prior to Appellant's acceptance into SATC, and the conditions of continued participation in SATC are not also conditions of his bond. The mere fact Appellant was released on bond while he was participating in SATC does not convert a violation of the terms of SATC to a violation of his appearance bond. While the State argues in its brief, "There can be no greater violation of bond than to commit a new crime," the record does not reflect his bond was revoked for his activities in the SATC program, nor does it reflect he was charged with a new crime.

{¶15} While the court's concerns with Appellant's alleged drug activity while participating in the diversion program are understandable, the legislature has not seen fit to include violation of the terms of a pre-conviction drug treatment program as an exception to the requirement an offender who meets the criteria of R.C. 2929.13(B)(1)(a)

be sentenced to community control. Accordingly, we find Appellant's sentence was contrary to law.

{¶16} The assignment of error is sustained. The judgment of the Richland County Common Pleas Court is reversed and this case is remanded to that court for resentencing.

By: Hoffman, J.

Delaney, P.J. and

Wise, John, J. concur