[Cite as *State v. Miller*, 2017-Ohio-9056.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 27675 |
| | : | |
| v. | : | Trial Court Case No. 13-CR-1204 |
| | : | |
| LAURA G. MILLER | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 14th day of December, 2017.

. . . . . . . . . .

MATHIAS H. HECK, JR., by ALICE B. PETERS, Atty. Reg. No. 0093945, Montgomery County Prosecutor's Office, Appellate Division, Montgomery County Courts Building, 301 West Third Street, 5th Floor, Dayton, Ohio 45402
    Attorney for Plaintiff-Appellee

JEFFREY T. GRAMZA, Atty. Reg. No. 0053392, 101 Southmoor Circle NW, Kettering, Ohio 45429
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Laura G. Miller appeals from the trial court's July 18, 2017 termination entry revoking her intervention in lieu of conviction (ILC) on charges of receiving stolen property and forgery and its imposition of concurrent twelve-month prison sentences for her conviction on the two fifth-degree felonies.

{¶ 2} In her sole assignment of error, Miller contends the trial court erred in imposing a prison sentence after revoking ILC. She claims the sentence is contrary to law because R.C. 2929.13(B)(1)(a) mandated the imposition of community control sanctions.

{¶ 3} For its part, the State concedes the error assigned by Miller. It cogently explains the error as follows:

> R.C. 2929.13(B)(1)(a) provides that if an offender "pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court *shall* sentence the offender to a community control sanction of at least one year's duration" if certain conditions are met. (Emphasis added). From the record on appeal, Miller appears to meet all of these conditions.
>
> Miller was indicted on one count of receiving stolen property and one count of forgery, both felonies of the fifth degree. (Docket Entry 9) She was subsequently granted Intervention in Lieu of Conviction ("ILC") but violated the terms of her ILC on multiple occasions. Her ILC was eventually revoked to a conviction and the trial court, believing that there were no other available community-based options or programs available that had not already been tried, sentenced her to concurrent prison terms of 12 months.

However, a prison sentence was not an available option under the facts of this case because Miller appears to meet all the conditions under R.C. 2929.13(B)(1)(a) that make community control a required sentence, and because none of the exceptions under R.C. 2929.1[3](B)(1)(b) that would have allowed for a prison sentence were met. Moreover, this Court has already held that a trial court has no discretion to sentence an offender to prison time following an ILC revocation under circumstances that were virtually identical to those here. *See State v. Holt*, 2d Dist. Montgomery No. 26031, 2014-Ohio-2204.

(Appellee's brief at 1-2).

{¶ 4} Having reviewed the record, we agree with the State's concession of error. During the ILC revocation hearing, the trial court asked whether Miller would be willing to participate in the MonDay program as a condition of community control supervision. (Tr. at 5-6). Defense counsel responded that there was insufficient "time left on her potential maximum local incarceration sentence for the Court to place her in the Mon[D]ay program, so therefore, the issue is kind of moot." (*Id.* at 6). When the trial court persisted and asked its question a second time, defense counsel responded that Miller would not participate. (*Id.*). The trial court then reasoned that "the only sentencing option" available was a prison term, and it imposed the concurrent sentences set forth above. (*Id.* at 7). But a prison term was not an option here. Regardless of whether the MonDay program remained a possibility or whether Miller would agree to it, R.C. 2929.13(B)(1)(a) mandated community control sanctions. The trial court's concurrent prison terms are contrary to law.

**{¶ 5}** For the foregoing reasons, Miller's assignment of error is sustained. Her prison sentence is reversed and vacated, and the cause is remanded for resentencing. The judgment is otherwise affirmed.

. . . . . . . . . . . . .

DONOVAN, J., and FROELICH, J., concur.

Copies mailed to:

Mathias H. Heck
Alice B. Peters
Jeffrey T. Gramza
Hon. Gregory F. Singer