[Cite as *State v. Wiley*, 2021-Ohio-1756.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2020-0044 |
| | : | |
| KENNY WILEY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
Court of Common Pleas, Case No.
CR2020-0209

JUDGMENT:      AFFIRMED

DATE OF JUDGMENT ENTRY:      May 20, 2021

APPEARANCES:

For Plaintiff-Appellee:      For Defendant-Appellant:

RON WELCH      TODD W. BARSTOW
MUSKINGUM CO. PROSECUTOR      261 W. Johnstown Rd., Ste. 204
TAYLOR P. BENNINGTON      Columbus, OH 43230
27 North Fifth St., P.O. Box 189
Zanesville, OH 43701

*Delaney, J.*

{¶1} Appellant Kenny Wiley appeals from the September 23, 2020 Entry of the Muskingum County Court of Common Pleas. Appellee is the state of Ohio.

**FACTS AND PROCEDURAL HISTORY**

{¶2} The following facts are adduced from the record of appellee's statement at appellant's change-of-plea hearing on August 17, 2020, and from the parties' statements at appellant's sentencing hearing on September 21, 2020.

{¶3} Appellant and his wife, Jane Doe, are going through a divorce. They have three children together.

{¶4} On April 20, 2020, around 8:00 p.m., Jane Doe called the Muskingum County Sheriff's Department to report that appellant entered her residence without permission, walking in while only her 16-year-old son was home.

{¶5} Jane Doe stated she had a protection order against appellant; she and the three children are the listed protected persons. Appellant did not live with them and was not on the lease. Doe explained the protection order was issued in Washington County, Pennsylvania, and expired on March 14, 2020. She had a problem obtaining a timely new protection order in Muskingum County because of COVID-19.

{¶6} The reporting deputy spoke with the son of appellant and Doe. The son said around 7:00 p.m., he heard a knock, then appellant walked in through the unlocked front door of the residence. The son said appellant was calm and said, "I'm here to see the girls." The son replied that the girls were not home. No one opened the door to appellant and he was not invited into the residence.

{¶7} Appellant was charged by indictment with one count of trespass in a habitation pursuant to R.C. 2911.12(B), a felony of the fourth degree, and entered a plea of not guilty.

{¶8}  On June 10, 2020, appellant appeared before the trial court and moved for a bond reduction. The trial court granted the motion and modified appellant's bond to "$5000 own recognizance," with the condition that appellant have no contact with the victim or residence involved.

{¶9}  On July 29, 2020, the trial court issued a bench warrant for appellant's arrest due to his failure to report on bond.  The bench warrant was executed by the Muskingum County Sheriff on August 5, 2020.

{¶10} On August 17, 2020, appellant appeared before the trial court and entered a plea of guilty to one count of trespass in a habitation pursuant to R.C. 2911.12(B), a felony of the fourth degree.  The parties jointly recommended that appellant be placed on community control, although appellant acknowledged in writing that the recommendation was conditioned upon his compliance with all bond conditions and all laws pending sentencing. Appellant also acknowledged that the trial court was not required to follow the recommendation.

{¶11} Sentencing was scheduled for September 21, 2020 and the trial court ordered a P.S.I. (pre-sentence investigation).

{¶12} Appellant appeared before the trial court on September 21, 2020, and the trial court heard the parties' statements, including the joint recommendation of community control.

{¶13} The trial court had the following conversation with appellant, in pertinent part:

* * * *.

THE COURT: Anything you'd like to say on your own behalf prior to sentencing?

[APPELLANT]: No, thank you, Your Honor.

THE COURT: I'll note for the record we're dealing with one count, trespass in a habitation, a felony of the fourth degree. There's been a joint recommendation that you be placed on community control and no restitution is owed.

I'll also note I have received the presentence investigation. I have reviewed it thoroughly.

Looking at the criminal history, it says that there's a felony pending in Guernsey County for failure to appear on a recognizance bond, another felony pending in Guernsey County on trespass in a habitation. There's a pending felony in Noble County on unauthorized use of property of another victim.

It looks like there's a warrant issued out of Washington County, Pennsylvania, for a violation of an order and another warrant issued out of Washington County, Pennsylvania, for simple assault and harassment. Those were 2018 and 2019.

Does all that sound accurate, Mr. Wiley?

[APPELLANT]: Yes, sir.

* * * *.

T. September 21, 2020, 5-6.

{¶14} The trial court then rejected the parties' joint recommendation and sentenced appellant to a prison term of 12 months. The sentencing entry states that the court considered the record, the P.S.I., the plea recommendation, the principles and purposes of sentencing pursuant to R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12. The entry states appellant was found guilty upon the sole count in the indictment and further:

* * * *.

The Court inquired of Defendant if he knew of any reason why judgment should not be pronounced, or if he had anything further to say; the Defendant made no statement.

The Court made Judicial Findings that the Defendant has pending felony charges in Guernsey and Noble County, Ohio, and has an active warrant out of Washington County, Pennsylvania.

* * * *.

{¶15} This Court ordered the P.S.I. to be made part of the record under seal and have reviewed it with the appellate record. The P.S.I. notes, e.g., that as of September 9, 2020, appellant had three pending felonies: the instant case [Guernsey County Court of Common Pleas case number 20CR0088], failure to appear on a recognizance bond, a felony of the fourth degree [Guernsey County Court of Common Pleas case number 20CR0199], and unauthorized use of property with an elderly victim, a felony of the fifth degree [Noble County Court of Common Pleas case number CR219-2069]. Appellant

also had two pending misdemeanor warrants from Washington County, PA; one case is for "simple assault" and "harassment" and the second is for "violation of order."

{¶16} Appellant also had a prior felony conviction in Guernsey County of possession of crack cocaine.

{¶17} Appellant now appeals from the trial court's Entry of September 23, 2020.

{¶18} Appellant raises one assignment of error:

**ASSIGNMENT OF ERROR**

{¶19} "THE TRIAL COURT ERRED AS A MATTER OF LAW BY FAILING TO MAKE THE REQUIRED STATUTORY FINDINGS BEFORE SENTENCING APPELLANT TO A PRISON TERM FOR A FELONY OF THE FOURTH DEGREE."

**ANALYSIS**

{¶20} Appellant argues the trial court erred in rejecting the agreed-upon sentence of community control and imposing a prison term. We disagree.

{¶21} Appellant argues the trial court was required to sentence him to a term of community control pursuant to R.C. 2929.13(B)(1), which states in pertinent part:

> (B)(1)(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence * * *, the court shall sentence the offender to a community control sanction or combination of community control sanctions if **all** of the following apply:
>
> **(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.**

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence * * * if **any** of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

**(iii) The offender violated a term of the conditions of bond as set by the court.**

(iv) The offense is a sex offense that is a fourth or fifth degree felony violation of any provision of Chapter 2907. of the Revised Code.

(v) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.

(vi) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.

(vii) The offender held a public office or position of trust, and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.

(viii) The offender committed the offense for hire or as part of an organized criminal activity.

(ix) The offender at the time of the offense was serving, or the offender previously had served, a prison term.

**(x) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.**

(Emphasis added).

{¶22} First, we note appellant was not entitled to a community-control term because he has a prior felony conviction: possession of crack cocaine, a felony of the fifth

degree, Guernsey County Court of Common Pleas case number 06CR0097. P.S.I.; R.C. 2929.13(B)(1)(a)(i).

{¶23} Second, the trial court has discretion to impose a prison term upon a conviction for a fourth-degree felony if the offender committed the offense while on bond, and appellant was released upon a personal recognizance bond in the Noble County case. R.C. 2929.13(B)(1)(b)(x). An OR bond was filed on September 2, 2019 in Noble County Court of Common Pleas case number CR219-2069.

{¶24} Finally, although the trial court did not cite this element as a factor in sentencing, appellant violated a condition of his bond in the instant case by failing to appear. R.C. 2929.13(B)(1)(b)(iii).

{¶25} The pertinent portions of R.C. 2929.13(B)(1) are therefore not in appellant's favor. We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22; *State v. Howell*, 5th Dist. Stark No. 2015CA00004, 2015-Ohio-4049, ¶ 31. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Reed*, 2017-Ohio-8237, 98 N.E.3d 1303, ¶ 7 (5th Dist.).

{¶26} In the instant case, the record supports the findings of the trial court, appellant was not entitled to a sentence of community service, and the trial court was within its discretion to impose a prison term. We therefore disagree with appellant and find the sentence is not contrary to law.

{¶27} Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶28} The sole assignment of error is overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Baldwin, P.J. and

Hoffman, J., concur.